IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GENE SMITH, CK-0778, )
    Petitioner, )
     )
          v. ) 2:11-cv-356
     )
BRIAN H. THOMPSON, et al., )
    Respondents. )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Brian H. Thompson has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    The chronology of this prosecution is set forth in the December 3, 2010 Memorandum of the Superior Court, citing the memorandum of the post-conviction court, which appears as p.2 of Appendix (1) to the petition:

> [Appellant] was charged … with Robbery and Criminal Conspiracy. He pled guilty to both charges and on April 27, 1994, he appeared before this Court and was sentenced to a term of imprisonment of six (6) to 20 years at the Robbery charge. [The trial court imposed no further penalty for the Criminal Conspiracy conviction.] Timely Post-Sentence Motions were filed and denied and the Superior Court affirmed the judgment of sentence on April 24, 1995.
>
> On December 4, 1995, [Appellant] filed a pro se Post Conviction Relief Act Petition [("PCRA"). 42 Pa.C.S.A. §§ 9541-46.] Counsel was appointed and an Amended Petition followed. After giving the appropriate noticed, this Court dismissed the Amended Petition without a hearing on August 25, 1998. That Order was subsequently affirmed by the Superior Court on November 15, 1999.
>
> On March 22, 2007, [Appellant] filed a second pro se PCRA Petition. After giving appropriate notice, this Court again dismissed the Petition without a hearing on May 8, 2007.
>
> On November 20, 2008, [Appellant] filed a "Request for Permission to File Motion for Guilty Plea Nunc Pro Tunc Pursuant Under Pa.R.Crim.P. 1410, New Rule 720". [Appellant] did not mail a copy of the Motion to this Court and, for

1

reasons unknown to this Court, the Clerk of Courts did not forward the Motion to this Court until February 6, 2009. On February 6, 2009, [Appellant] filed a "Motion for Withdraw of Guilty Plea Nunc Pro Tunc Pursuant Under Pa.R.Crim.P. 1410, new Rule 720(B)(1)(A)(i)." On February 23, 2009, this Court entered an Order denying both Motions.

In these consolidated pro se appeals, Gene Smith ("Appellant") challenges the orders denying his latest filings requesting post-conviction relief. We affirm.

\*\*\*

The Superior Court then turned to its own analysis observing:

Before considering the merits of Appellant's claims, we must first determine whether his appeals are properly before us. Because Appellant was sentenced over sixteen years ago, Appellant's three most recent motions must be considered motions for post-conviction relief… As such, these filings are subject to the time limitations of the PCRA. The timeliness of a post-conviction petition is jurisdictional… Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(B)(1)(i). (ii), and (iii), is met… A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented."… Moreover, exceptions to the time restrictions for the PCRA must be pled in the petition, and may not be raised for the first time on appeal…

Appellant's judgment of sentence became final on May 25, 1995, after the thirty-day period for filing a petition for allowance of appeal to the Pennsylvania Supreme Court had expired…Because Appellant's judgment of sentence became final before the effective date of the 1995 amendments to the PCRA, Appellant had one year form the date the amendments took effect, or January 16, 1997, to file a timely petition for post-conviction relief. Because Appellant filed the motion and petitions at issue on or about March 11, 2010, they are patently untimely unless Appellant has satisfied his burden of pleading and proving that one of the enumerated exceptions apples…

[H]e has failed to meet his burden of establishing any of the three exceptions to the timeliness requirement … the PCRA court lacked jurisdiction to review the merits of Appellant's claims.  Thus, the PCRA court's orders denying post-conviction collateral relief was proper (Appendix (1) at pp. 5-7)(footnotes and internal citations omitted).

In a similar manner, applications for federal habeas corpus relief must also be filed timely. It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

2

> (1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the petitioner direct appeal was denied on April 24, 1995, and leave to appeal to the Pennsylvania Supreme Court was not sought. Thus, his conviction became final on May 24, 1995 upon the expiration of the time in which to seek such relief.[1]

Smith then sought timely post-conviction relief, the denial of which was affirmed by the Superior Court on November 15, 1999. No further relief was pursued until he filed a second untimely post-conviction petition on March 22, 2007. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The denial of relief on his timely post-conviction petition was affirmed by the Superior Court on November 15, 1999 and his second post-conviction petition was not "properly" filed in that it was time barred under state law. The instant petition was executed on March 11, 2011 or over eleven years after the denial of post-conviction relief. In his petition, Smith contends he is entitled to relief on the following grounds:

---

[1] Rule 1113, Pa.R.App.P.

3

1. His conviction was secured in violation of both state and federal law resulting in the imposition of sentence maximums without any reasons or authority to do so.

2. The trial court and the prosecutor hampered his attempts to seek correction of a "statutory void judgment."

3. The trial court and the prosecutor impermissibly denied or ignored his petition for mandamus/injunctive relief.

4. His due process rights were violated as a result of the failure of the trial court to provide notice of its intention to dismiss his petitions or inform him of his rights to appeal.

Because the petitioner has not demonstrated any exception to the timeliness requirements for federal habeas corpus filings or any equitable basis for tolling those requirements his petition here is clearly time barred.

Accordingly, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

ORDER

AND NOW, this 29th day of March, 2011, for the reasons set forth in the foregoing Memorandum, the petition of Gene Smith for a writ of habeas corpus is dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied;

AND IT IS FURTHER ORDERED that within fourteen (14) days of the date of this Order the petitioner show cause if any why judgment should not be entered accordingly. Failure to do so may waive any appellate rights.

s/ Robert C. Mitchell
United States Magistrate Judge